IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Raymond A. Wedlake, | ) | Case No. 6:20-cv-02085-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| The State of South Carolina *as Represented by the Honorable Alan Wilson, Attorney General*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On July 10, 2020, Defendant filed a motion to dismiss. ECF No. 13. On August 27, 2020, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 22. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 25, 27.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge has provided a thorough recitation of the facts and relevant law, which the Court incorporates into this Order by reference.  Plaintiff seeks a declaratory judgment that "violations of the US Constitution by the SC Code of Law [Homeowners' Association] Act are unconstitutional, violate Plaintiff's religious beliefs and rights by forcibly requiring him to participate as a member of the [Woodington Homeowners' Association] and to pay unwanted dues and assessments" making "Section 27-30-120(b) null and void."  ECF No. 1 at 3.  As previously stated, the Magistrate Judge recommends dismissal of all of Plaintiff's claims.

The Magistrate Judge recommends finding that Defendant is entitled to immunity pursuant to the Eleventh Amendment.  ECF No. 22.  Plaintiff objects and argues that the Eleventh Amendment only applies to monetary damages and that the exception to Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123 (1908), is applicable to this action.  ECF No. 25.  The Court disagrees.

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Though not explicitly stated in the language of the amendment, courts have long held that this guarantee also protects a state from federal suits brought by its own citizens, not only from suits by citizens of other states. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, (2001). Sovereign immunity under the Eleventh Amendment "is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued" in the first instance. *Alabama v. North Carolina*, 560 U.S. 330, 362 (2010) (quoting *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, n.5 (1993)). State agencies and state employees acting in their official capacities that may be properly characterized as arms of the State are also entitled to the same immunity as the state itself. *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977) (internal quotation marks omitted)).

A claim asserted against a state or state agency "may survive the Eleventh Amendment bar in one of three recognized ways": (1) "Congress may abrogate state Eleventh Amendment immunity"; (2) "a state may waive its immunity"; or (3) "a plaintiff may seek prospective relief against state officials acting in violation of federal law under

3

the principles set forth in *Ex parte Young*". *Pickering v. State Police*, 59 F. Supp. 3d 742, 747 (E.D. Va. 2014). Under the *Ex parte Young* exception to Eleventh Amendment immunity, a federal court may "issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). The Fourth Circuit has explained that "[t]he *Ex parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act.'" *Id.* (alterations in original) (quoting *Ex parte Young*, 209 U.S. at 155–56).

In order for the *Ex parte Young* exception to apply, a "special relation" must exist "between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (quoting *Ex parte Young*, 209 U.S. at 157). This "special relation" "requires *proximity to* and *responsibility for* the challenged state action." *Wright v. North Carolina*, 787 F.3d 256, 261–62 (4th Cir. 2015) (*quoting S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008)). However, "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Waste Mgmt.*, 252 F.3d at 331 (emphasis added) (citation omitted). Accordingly, the Fourth Circuit has specifically held that an attorney general cannot be enjoined where he has no specific statutory authority to enforce the statute at issue. *McBurney*, 616 F.3d at 400. "The requirement that there be a relationship between the

4

state officials sought to be enjoined and the enforcement of the state statute prevents parties from circumventing a State's Eleventh Amendment immunity." *Hutto v. South Carolina Ret. Sys.*, 773 F.3d 536, 550 (4th Cir. 2014).

Upon its review, the Court finds that this exception is inapplicable because Plaintiff has not stated allegations regarding specific acts of Defendant showing its enforcement of S.C. Code Ann. § 27-30-120 that would subject it to the consequences of its official conduct. Accordingly, Defendant is entitled to dismissal of this action.[1]

The Magistrate Judge further recommends that Plaintiff's request for leave to amend his complaint be denied. The Court agrees. Plaintiff asserts that he should be granted leave to amend to name "a government employee" as the Defendant in this action. As noted by the Magistrate Judge, such amendment would be futile as Plaintiff would not be able to establish the "special relation" between the unnamed official and the actions sought to be enjoined nor could Plaintiff establish the relationship between the unnamed official and the alleged depravation of Plaintiff's constitutional rights. *See Waste Mgmt.*, 252 F. 3d at 331; *see also Shaw v.* Stroud, 13 F. 3d 791, 799 (4th Cir. 1994). Accordingly, Plaintiff's objections are overruled as to this argument.

Plaintiff also seems to assert that the Magistrate Judge's Report seeks to improperly extend the meaning of the Constitution. Upon de novo review of the Report,

---

[1] With respect to Plaintiff's objection that he is only seeking "nominal damages," the Eleventh Amendment would also bar that recovery. *See* ECF No. 25 at 3. .

5

the record in this case, and the applicable law, the Court can find no evidence to support Plaintiff's statements. Accordingly, this objection is overruled.[2]

## CONCLUSION

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Defendant's motion to dismiss [13] is **GRANTED** and Plaintiff's request to amend is **DENIED** as futile.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.<br>United States District Judge

October 16, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] To the extent Plaintiff intends to object to the Magistrate Judge's analysis of whether the Fifth Amendment overrides Eleventh Amendment immunity, this objection is overruled for the same reasons provided by the Magistrate Judge in her Report.